(R.D. 11213)

## C. H. POWELL CO. *v.* UNITED STATES

Entry No. 1875, etc.

(Decided August 17, 1966)

*Sharretts, Paley & Carter* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

FORD, Judge: The proper value for dutiable purposes of certain pumps or complete sets of parts for assembly into a particular pump and spare parts, covered by the appeals for a reappraisement enumerated in the schedule A attached to and made part of this decision, is before the court for determination.

The parties hereto have entered into a stipulation of fact wherein it has been agreed as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for plaintiff and counsel for United States that the merchandise described in the invoices and entries covered by the appeals for reappraisement listed in Schedule A, attached hereto and made a part hereof, as pumps or as complete sets of parts for assembly into a particular pump are submersible pumps, having as an essential feature an electrical element or device and are included in the "Final List" published in T.D. 54521, that the aforesaid pumps were neither freely sold nor offered for sale to all purchasers for exportation to the United States on or about the dates of exportation of the shipments here involved; that neither such nor similar pumps were freely offered for sale for home consumption in Sweden, the country of exportation of each of the shipments here involved; that neither such nor similar imported pumps were freely offered for sale in the United States; that the proper basis for valuation is Cost of Production as defined in Section 1402 (f) U.S.C.A. and that said Cost of Production for each of the models subject to these appeals for reappraisement is as follows:

| B38L | 1-Phase | Swedish Crowns | 830 :– |
| B–38L | 3-Phase | " " | 815 :– |
| Bibo 3 | | " " | 1. 055 :– |
| B–80L | | " " | 1. 500 :– |
| B–80MA | | " " | 1. 450 :– |
| Bibo 4 | | " " | 1. 575 :– |
| B–150/200LB | | " " | 8. 000 :– |
| CP–80/100 | 6 H.P. | " " | 1. 610 :– |
| CS–100 | 6 H.P. | " " | 1. 659 :– |

That the balance of the merchandise described as spare parts on the invoices and entries covered by the appeals for reappraisement, listed in Schedule A, is not included in the "Final List" published in T.D. 54521; that all of the shipments here involved were exported from Sweden after February 26, 1958, and that the proper basis for appraisement of the aforesaid spare parts is "Export Value" as defined in Section 1401(b) U.S.C.A.; that the aforesaid spare parts were on and immediately before each of the dates of exportation of the shipments here involved, freely sold in the principal market of Sweden, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings and including all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States at the unit prices, less 20 percent, shown on each of the invoices included in the entries listed in Schedule A; that the appeals to reappraisement listed on Schedule A be consolidated and submitted for decision upon this stipulation.

Upon the record before the court, I find and hold that the cost of production, as defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for the electric pumps or complete sets of parts for assembly into a particular pump and that said value is as follows:

| B38L | 1-Phase | Swedish Crowns | | 830:– |
|------|---------|----------------|------|-------|
| B–38L | 3-Phase | " | " | 815:– |
| Bibo 3 | | " | " | 1.055:– |
| B–80L | | " | " | 1.500:– |
| B–80MA | | " | " | 1.450:– |
| Bibo 4 | | " | " | 1.575:– |
| B–150/200LB | | " | " | 8.000:– |
| CP–80/100 | 6 H.P. | " | " | 1.610:– |
| CS–100 | 6 H.P. | " | " | 1.659:– |

I further hold that as to the spare parts export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, *supra*, is the proper basis of value and that said value is represented by the invoice unit prices packed, less 20 percent.

Judgment will be entered accordingly.